DJW/byk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ANNE-MARIE BYRNE,

        Plaintiff,                                    CIVIL ACTION

v.                                          Case No. 04-2220-GTV-DJW

GAINEY TRANSPORTATION SERVICES, INC.,

        Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant's Motion to Compel Plaintiff to Produce Medical Records (doc. 37).  At the final Pretrial Conference held on February 24, 2005, the parties advised the Court that the only medical records of Plaintiff still in dispute are those from Plaintiff's consultations with Dr. Vandenberg.  For the reasons set forth below, Defendant's Motion to Compel Plaintiff to Produce Medical Records is granted as to those records.

**I.**       **Relevant Background Facts**

Plaintiff brings this action, alleging that Defendant retaliated by firing her because she made a good faith complaint of gender discrimination.  Plaintiff claims that she has suffered extreme emotional distress and other medical symptoms as a consequence of her employment with and termination from Defendant.

On September 10, 2004, Defendant served its First Request for Production of Documents to

Plaintiff.[1]  Plaintiff served her responses to Defendant's First Request for Production of Documents on October 20, 2004.[2]  Included in Defendant's First Request for Production of Documents were two requests that sought Plaintiff's medical and psychological records.  Specifically, Request No. 10 sought:

> [a]ll medical and psychological records regarding any consultation or treatment for medical, emotional or psychological problems relating to Plaintiff's employment or separation from employment with Gainey Transportation Services, Inc.[3]

Plaintiff answered Request No. 10 by stating she would "produce any responsive, non-privileged documents in her possession, custody or control to the extent she has not already done so."[4]

Defendant's Request No. 11 sought all other medical and psychological records pertaining to Plaintiff or treatment for medical, emotional, or psychological conditions.  Plaintiff objected to this request on the grounds that it is unreasonably broad and burdensome and that it contains no time limits. Subject to these objections, Plaintiff then stated that she would "produce responsive documents from the last five years that are in her possession, custody or control to the extent she has not already done so."[5]

After discussing the scope of the medical information requested, the parties, on November 11, 2004, agreed to limit the time frame for the requested medical records to a five-year time period.  Some time after this agreement, Defendant alleges that it discovered that Plaintiff held employment with a competitor just prior to her hiring by Defendant and that Plaintiff filed suit against that prior employer,

---

[1] *See* Plaintiff's Certificate of Service (doc. 12).

[2] *See* Exh. C to Defendant's Motion to Compel (doc. 37).

[3] *Id.*

[4] *Id.*

[5] *Id.*

alleging sex discrimination, hostile work environment and retaliatory discharge. On December 1, 2004, Defendant advised Plaintiff that it had retained Dr. Gerald Vandenberg for the purpose of undertaking an independent psychological examination of Plaintiff. On December 24, 2004, Plaintiff's counsel advised Defendant that Plaintiff had previously been examined by Dr. Vandenberg at the request of her counsel in the former litigation. Counsel for Defendant confirmed that Dr. Vandenberg had seen Plaintiff on September 24, 1999 and October 11, 1999.

On January 2, 2005, counsel for Defendant e-mailed Plaintiff's counsel, advising that its November 11, 2004 agreement to limit the scope of its First Request No. 11, requesting Plaintiff's other medical and psychological records, was withdrawn and a broader request was now warranted based upon the newly discovered information. Counsel for Defendant renewed the original request for the records and access to any medical provider who was consulted, or who has treated, examined or counseled Plaintiff within a ten-year period prior to filing this suit.

Defendant filed the instant Motion to Compel Plaintiff to Produce Medical Records on January 13, 2005.

## II.     Timeliness of Motion to Compel

The Court first addresses Plaintiff's contention that Defendant's Motion to Compel should be denied for failure to file its motion within the thirty-day deadline for filing motions to compel. District of Kansas local Rule 37.1(b) requires that "[a]ny motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 shall be filed and served within 30 days of the default or service of the response, answer or objection, which is the subject of the motion, unless the time for filing of such motion is extended for good cause shown. Otherwise the objection to the default, response, answer, or objection shall be

waived."

Plaintiff argues that Defendant's motion should be denied because it was filed after the thirty-day deadline for filing a motion to compel. In its reply in support of its Motion, Defendant claims that its failure to file its Motion within the requisite thirty-day time period is due to the parties' agreement to limit the scope of Defendant's First Request No. 11 to the preceding five-year time period. Defendant also alleges that Plaintiff withheld identification of Dr. Vandenberg beyond the thirty-day period following service of her discovery responses.

Although Defendant's Motion to Compel is filed outside the D. Kan. 37.1(b) thirty-day time period for filing motions to compel, the Court will excuse Defendant's untimely filing of its Motion to Compel. Defendant has shown sufficient justification for the untimely filing of its Motion to Compel.

## III.   Duty to Confer

The Court next addresses Plaintiff's contention that Defendant's Motion to Compel should be denied for failure to provide a "certification" of the efforts to resolve the discovery dispute. Defendant responds that the required certification was included within the motion. Defendant claims that the sentence "counsel for [Defendant] has conferred with Plaintiff's counsel several times concerning the requested information," along with the attachment of the written communications documenting the parties' efforts to confer, satisfies the certification requirement.

Federal Rule of Civil Procedure 37(a)(2)(B) requires that motions to compel "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action." District of Kansas Local Rule 37.2 provides that "[t]he Court will not entertain any motion to resolve a discovery dispute

pursuant to Fed. R. Civ. P. 26 through 37, . . . , unless counsel for the moving party has conferred or has made a reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion."[6]  "When the dispute involves objections to requested discovery, parties do not satisfy the conference requirements simply by requesting or demanding compliance with the requested discovery."[7]

Although Defendant's Motion does not include a "certification," nor was one filed separately or attached as an exhibit, the motion makes a sufficient showing that Defendant has satisfied the conference requirement.  Defendant's motion indicates that "counsel for [Defendant] has conferred with Plaintiff's counsel several times concerning the requested information" and attached copies of several e-mails between counsel discussing the discovery dispute.  The Court therefore determines that Defendant has shown that it has made reasonable efforts to confer with opposing counsel concerning the matter in dispute prior to filing its motion to compel.

## IV.  Agreement to Limit Scope of Defendant's First Request No. 11

All that remains at issue in this motion is whether Plaintiff should be compel to produce her medical records from her visits with Dr. Vandenberg, which occurred on September 24, 1999 and October 11, 1999.  Both parties admit that on November 11, 2004 they agreed to limit the time frame for the other medical and psychological records requested in Defendant's First Request No. 11 to a five-year time period.  In her surreply, Plaintiff claims her consultation visits with Dr. Vandenberg did not occur in the five years preceding the date she served her *responses* to the discovery requests.  Defendant claims that

---

[6]D. Kan. Rule 37.2.

[7]*Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999).

Plaintiff's consultation with Dr. Vandenberg would have occurred within the five year period preceding the date it served its *request* for these records. Defendant alternatively argues that its prior agreement to limit Request No. 11 to five years was made before it discovered that Plaintiff had consulted with Dr. Vandenberg in fall 1999. Defendant states that it should not be held to a five-year limitation but would agree to limit Request No. 11 to a ten-year time period.

Defendant has moved to compel Plaintiff to produce other medical and psychological records responsive to Defendant's First Request No. 11. Plaintiff has objected to the request on the grounds that the request is overly broad in that it contains no time limits. The Court agrees with Plaintiff that Defendant's First Request No. 11 is overly broad on its face. The Court further agrees with Plaintiff that a five-year time limit is appropriate. In light of Plaintiff's consultation with Dr. Vandenburg in fall of 1999, the Court, however, finds that the five-year limitation should be calculated from the date Defendant served its First Request for Production of Documents to Plaintiff, September 10, 2004. This would encompass Plaintiff's medical and psychological records from her consultations with Dr. Vandenberg on September 24, 1999 and October 11, 1999.

**IT IS THEREFORE ORDERED THAT** Defendant's Motion to Compel Plaintiff to Produce Medical Records (doc. 37) is granted in part. **Within ten (10) days of the date of this Memorandum and Order**, Plaintiff shall serve documents responsive to Defendant's First Request for Production of Document No. 11, limited to the five-year time period preceding the date Defendant served its First Request for Production of Documents to Plaintiff.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas this 28th day of February, 2005.

                                                           s/ David J. Waxse

                                                           David J. Waxse
                                                           U.S. Magistrate Judge

cc:     All counsel