# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **ANNE-MARIE BYRNE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.** |
| | ) | **04-2220-KHV** |
| **GAINEY TRANSPORTATION** | ) | |
| **SERVICES, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Anne-Marie Byrne brings this retaliatory discharge action against her former employer, Gainey Transportation Services, Inc., pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Plaintiff claims that defendant terminated her employment because she complained of gender discrimination. The matter is before the Court on Defendant's Motion in Limine (Doc. #86) filed June 21, 2005. For the reasons set forth below, the Court sustains the motion in part and overrules it in part.

### 1.  Evidence Regarding Plaintiff's Employment History

Defendant seeks to introduce evidence that plaintiff has held approximately 20 jobs since 1977, and that 13 of them lasted less than one year. Defendant also wants to introduce evidence that plaintiff sued one of her former employers, Crouse Cartage, for sex discrimination and retaliation. The parties settled the lawsuit for $108,000. Defendant makes three arguments why the evidence is admissible. First, defendant argues that such evidence is relevant to show that plaintiff's request for back pay from her termination date, February 10,

1

2003, through October 20, 2004 is unreasonable based on her history of job-hopping and her apparent ability to obtain jobs easily. Second, defendant maintains that plaintiff's litigation against Crouse Cartage is relevant under Fed. R. Evid. 404(b) because it relates to whether plaintiff made a good faith complaint of discrimination against defendant in this case, or whether she was threatening her way into an actionable retaliation claim. Finally, defendant submits that plaintiff's employment history, and particularly evidence that she falsified five employment applications, is admissible under Fed. R. Evid. 608(b). Rule 608(b) provides that an attorney may cross-examine a witness on specific instances of conduct if those instances concern the witness's character for truthfulness or untruthfulness.

In response, plaintiff submits that evidence of her job history is classically inadmissible "propensity" evidence under Fed. R. Evid. 404. She argues that the Court would have to conduct numerous "mini-trials" concerning why she left each employer. In particular, plaintiff claims that admitting the evidence will force her to relitigate her claim against Crouse Cartage.

The Court will not admit evidence of plaintiff's numerous former employers to show that plaintiff's request for back pay is unreasonable. Defendant rationalizes that because plaintiff normally had a short tenure with her employers, she would have had a short tenure with defendant. Moreover, because plaintiff was readily able to find jobs in the past, defendant reasons, she should have had no problem finding a job after defendant terminated her employment. Rule 404(b) does not allow evidence of prior acts to prove that plaintiff had a "job-hopping" character and to insinuate that she would have acted in conformity with that character. Whether the evidence is admissible to show that plaintiff easily found jobs is a closer question, but the slight probative value of such evidence is substantially outweighed by considerations of undue delay and waste of time under Rule 403. In any event, the record reveals that plaintiff found three jobs rather quickly after defendant

2

terminated her employment, which appears to be consistent with plaintiff's past record of finding employment.

The Court also will not admit evidence of plaintiff's litigation against Crouse Cartage. Plaintiff will have to show at trial that she had a reasonable good faith belief that defendant engaged in sexual discrimination. See Hertz v. Luzenac Am., Inc., 370 F.3d 1014, 1016 (10th Cir. 2004) (citing Crumpacker v. Kan. Dep't of Human Res., 338 F.3d 1163, 1172 (10th Cir. 2003)); Hernandez v. McDonald's Corp., 975 F. Supp. 1418, 1427 (D. Kan. 1997) (citation omitted); Huddleston v. Lumbermens Mut. Cas. Co., 942 F. Supp. 504, 511 (D. Kan. 1996) (citations omitted). Defendant argues that because Crouse Cartgage settled plaintiff's discrimination/retaliation claims, plaintiff complained of discrimination to defendant in bad faith to try for another payout. While evidence that plaintiff entered into a settlement for $108,000 arguably could show that plaintiff had a "plan" to contrive a retaliation claim, see Fed. R. Evid. 404(b) (evidence of other acts admissible to show plan), the Court finds that any probative value of such evidence is substantially outweighed by the danger of unfair prejudice to plaintiff, see Fed. R. Evid. 403 (evidence excludable where prejudice outweighs probative value). If such evidence were admitted, plaintiff would be forced to justify her suit against Crouse Cartage, as well as prove her case against defendant. Moreover, defendant's argument runs dangerously close to an argument that the evidence is admissible to show that plaintiff is litigious. Evidence of prior litigation is inadmissible to show that plaintiff has a litigious character. See Gastineau v. Fleet Mortgage Corp., 137 F.3d 490, 495-96 (7th Cir. 1998); Outley v. City of New York, 837 F.2d 587, 592 (2nd Cir. 1988) (citation omitted).

Finally, the Court determines that defendant may cross-examine plaintiff on whether she falsified employment applications. See Baskerville v. Culligan Int'l Co., No. 93C5367, 1994 WL 162800, at *3 n.3 (N.D. Ill. Apr. 25, 1994) (plaintiff's false answers on employment application used to impeach on cross-

examination).  The evidence goes to plaintiff's credibility.

For the above-stated reasons, the Court sustains defendant's motion in part and overrules it in part on this issue.

## 2.  Evidence Regarding Plaintiff's Alleged Damages

Defendant claims that the Court should not allow plaintiff to present evidence of damages because she did not provide or supplement her pretrial disclosures regarding damages.  The Court will not exclude plaintiff's evidence of damages.

Rule 26 requires disclosure of "a *computation* of any category of damages claimed by the disclosing party" without awaiting a discovery request. Fed. R. Civ. P. 26(a)(1)(C) (emphasis added).  A party must supplement his initial disclosures and discovery responses. Fed. R. Civ. P. 26(e)(1), (2).  Unless a party shows that failure to comply with Rule 26(a) or 26(e)(1) or (2) was substantially justified or harmless, the Court must exclude the undisclosed evidence at trial. See Fed. R. Civ. P. 37(c)(1); Salgado v. Gen. Motors Corp., 150 F.3d 735, 742 (7th Cir. 1998), cited in Cuenca v. Univ. of Kan., No. 98-4180-SAC, 2001 WL 789404, at *3 (D. Kan. May 14, 2001) (exclusion automatic and mandatory unless violation of Rule 26(a) justified or harmless); Hirpa v. IHC Hosps., Inc., 149 F. Supp. 2d 1289, 1294-95 (D. Kan. 2001) (burden to show substantial justification or harmlessness on party who failed to make required disclosure).  The failure to disclose is harmless when the party entitled to disclosure is not prejudiced. Umbenhower v. Copart, Inc., 222 F.R.D. 672, 675 (D. Kan. 2004) (citation omitted).

The Court, however, need not make explicit findings whether nondisclosure was justified or harmless. See Woodworker's Supply, Inc. v. Principal Mut. Life, 170 F.3d 985, 993 (10th Cir. 1999) (citation omitted). Rather, the Court should use its discretion in evaluating the following factors: "(1) the prejudice or surprise to

4

the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." Id. (citations omitted).

The record reveals that plaintiff provided damage computations to defendant in an untimely manner. On October 5, 2004, plaintiff gave defendant her initial Rule 26 disclosures. Although plaintiff disclosed seven categories of damages, she did not identify any dollar figures. Where she was to provide computation of damages, plaintiff generically stated that she was seeking an amount sufficient to support the stress and mental anguish caused by defendant's retaliatory acts. She also stated that she was seeking past and future loss of income and benefits, but explained that she could not calculate a specific figure until defendant provided certain documents and information.

On October 20, 2004, plaintiff provided information on her post-termination job salaries in response to defendant's first set of interrogatories. Plaintiff disclosed that from March 3 through March 16, 2004, she worked at Heart of America Corporation in Davenport, Iowa, where she was to be paid $45,000 annually. From April 12 through July 9, 2004, she worked for Ace Courier in Kansas City and made $30,000 per year. From July 12 through August 5, 2004, she worked for Jacobson Transportation in Iowa for a $78,000 annual salary. On December 10, 2004, plaintiff provided defendant with pay stubs from each of her post-termination employers.

In its interrogatories, defendant also asked plaintiff to specifically state the nature, amount and calculation method of damages. Plaintiff again failed to provide a specific dollar amount, and instead directed defendant to her initial disclosures and represented that she would supplement her answer as discovery progressed.

5

Defendant deposed plaintiff on January 12, 2005.  At that time, plaintiff testified that she could not provide a dollar figure for her damages.

Discovery closed on January 31, 2005.  One month later, on March 1, 2005, plaintiff provided specific dollar amounts and computations in the pretrial order.  Plaintiff seeks $366, 960 in back pay,[1] $270,391.58 in front pay,[2] $500,000 for emotional distress, and $500,000 in punitive damages.  Also in the pretrial order, defendant stated that a legal issue exists as to whether "plaintiff's claim for damages is barred because of improper/incomplete disclosure under Rule 26."  Pretrial Order (Doc. #56) filed March 1, 2005.[3]

Although plaintiff was untimely with her disclosures, the Court finds that the untimeliness was harmless.  True, defendant was unable to depose plaintiff on her calculations or conduct follow-up discovery.  Plaintiff's computations, however, are not rocket science.  She based her calculations on figures to which defendant had access throughout discovery; as plaintiff's former employer, defendant possessed the records of her earnings and benefits.  On October 20, 2004, plaintiff gave defendant her post-termination salary figures and dates of employment.  The record also reveals that defendant had access to plaintiff's unemployment compensation.

Moreover, defendant could have cured any prejudice by moving the Court to compel plaintiff to disclose her precise figures during discovery, or by seeking leave to re-open discovery on the issue of damages after plaintiff supplied her calculations.  Defendant did not.  Allowing plaintiff to present evidence of damages

---

[1]  This amount is based on plaintiff's 2002 salary while employed by defendant, plus bonuses and the value of benefits.  Plaintiff acknowledges that earnings since February 10, 2003 (her termination date) need to be subtracted from this amount.

[2]  Again, this amount is based on plaintiff's 2002 salary, bonuses and benefits.

[3]  This fact is inconsistent with plaintiff's unsupported assertion that defendant first raised a concern about plaintiff's damages disclosures in a letter dated May 26, 2005.

will not disrupt trial, and whether plaintiff's nondisclosure was the result of bad faith or willfulness appears not to be at issue here.

The Court has weighed the <u>Woodworker's</u> factors, and finds that sanctions in the form of exclusion of evidence are not warranted here.  Defendant's motion is overruled on this issue.

**3.  Mitigation of Damages**

Defendant asks the Court to rule as a matter of law that plaintiff did not mitigate her damages because she did not make a good faith effort to maintain employment after defendant fired her.  Defendant essentially requests partial summary judgment.  The pretrial order (Doc. #59) required that the parties file dispositive motions by March 11, 2005.  Defendant filed the instant motion on June 21, 2005.  The Court overrules defendant's motion as untimely on this point.

**4.  Jury Instruction that Plaintiff Falsified Her Employment Application**

The Court previously ruled that the after-acquired evidence rule bars any claim for economic damages beyond October 20, 2004 because on that date, defendant discovered false information on plaintiff's employment application and would have terminated her employment immediately.  <u>See</u> <u>Memorandum and Order</u>, Doc. #71, at 12, filed May 19, 2005.  Defendant requests that the Court charge the jury regarding this ruling after opening statements.  Plaintiff responds that such a charge is irrelevant and unfairly prejudicial.  The Court agrees.  While an instruction on this ruling may be appropriate at a later time, the Court will not charge the jury after opening statements.  Defendant's motion is overruled on this issue.

**5.  Evidence Regarding Plaintiff's Family History**

Plaintiff's parents died when she was young, and her caregiver later passed away.  Defendant seeks to exclude this information because it is irrelevant under Fed R. Evid. 401.  Alternatively, defendant argues that

it is prejudicial and confusing under Fed. R. Evid. 403 because plaintiff merely seeks to evoke sympathy. Plaintiff states that she does not intend to belabor her background, but that the jury needs to get to know plaintiff to assess her claims.

The Court does not see how plaintiff's family history is relevant to her retaliatory discharge claim, and sustains defendant's motion on this point.

**6. Evidence Regarding Defendant's Airplane**

Defendant has a company airplane for executive travel.  Defendant seeks to exclude this information because it is irrelevant and/or unfairly prejudicial.  Plaintiff argues that evidence of the plane is relevant to punitive damages.  The Court finds that plaintiff can sufficiently support her claim for punitive damages with evidence of defendant's net worth.  See Sonnino v. Univ. Kan. Hosp. Auth., 220 F.R.D. 633, 654 (D. Kan. 2004) (citations omitted) (evidence of net worth relevant to determine punitive damages).  Evidence that defendant has a company jet would be cumulative and unfairly prejudicial.  See Fed. R. Evid. 403.  The Court sustains defendant's motion on this issue.

**7. Evidence Regarding Defendant's Out-of-Town Counsel**

Defense counsel is from Michigan.  Defendant argues that this fact is irrelevant and could be unfairly prejudicial.  Plaintiff does not respond to defendant's argument, and the Court sustains defendant's motion on this issue.

**8. Evidence about Plaintiff's Conversation with Tim Claus**

On January 23, 2003, plaintiff told Tim Claus that she believed the company wanted to "get rid of her." Claus allegedly responded, "Don't give into them.  The reason that they don't like you is because you will not play their game."  Claus was a member of the senior management staff, but did not have any responsibility over

sales, plaintiff's area.  Defendant argues that the Court should exclude evidence of the conversation because Claus's comment lacks foundation; he had no responsibility for sales.  Defendant also claims that Claus's statement is hearsay, irrelevant and/or unfairly prejudicial and likely to confuse the jury.

Plaintiff argues that Claus's statement is relevant, reliable and admissible as a statement by a party opponent.  She also points out that defendant plans to introduce two exhibits which concern the conversation, and that if defendant introduces the exhibits, plaintiff should be able to tell the jury the "whole story."

The Court cannot definitively rule on this issue without more information.  If plaintiff seeks to introduce evidence of the conversation at trial, defendant should renew its objection at that time.  On the record presently before the Court, defendant's motion is overruled on this point.

**IT IS THEREFORE ORDERED** that <u>Defendant's Motion in Limine</u> (Doc. #86), filed June 21, 2005, be and hereby is **SUSTAINED in part and OVERRULED in part**.  **Paragraphs 5, 6 and 7 are sustained.  Paragraphs 2, 3, 4 and 8 are overruled.  Paragraph 1 is sustained in part and overruled in part.**

Dated this 11th day of July, 2005 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge